# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00969-CV

---

### A. T., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 428TH DISTRICT COURT OF HAYS COUNTY
### NO. 25-1716-DCD, THE HONORABLE JESSICA DEVANEY, JUDGE PRESIDING

---

### NO. 03-26-00071-CV

---

### In re A. T.

---

### ORIGINAL PROCEEDING FROM HAYS COUNTY

---

### M E M O R A N D U M   O P I N I O N   A N D   O R D E R

A.T. filed cause number 03-25-00969-CV, a pro se appeal of the trial court's December 8, 2025 Amended Initial Permanency Hearing Order Before Final Order, challenging the temporary placement of his two children with their maternal grandparents in the underlying suit affecting the parent-child relationship (SAPCR). The Texas Department of Family and Protective Services filed a motion to dismiss this appeal, noting our lack of jurisdiction over

temporary orders rendered in a pending SAPCR. *See* Tex. Fam. Code § 105.001(e) ("Temporary orders rendered under this section are not subject to interlocutory appeal."); *Jones v. Jones*, No. 03-25-00062-CV, 2025 WL 1715730, at \*1 (Tex. App.—Austin June 20, 2025, pet. dism'd w.o.j.) (dismissing for want of jurisdiction parent's appeal of temporary orders in SAPCR). The Clerk of this Court requested that A.T. file a response to the Department's motion to dismiss by December 29, 2025. No response was filed.

In general, this Court's jurisdiction is limited to appeals in which there exists a final or appealable judgment or order. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating general rule that appeal may be taken only from final judgment that disposes of all pending claims and parties in record unless statute provides for interlocutory appeal). The trial court's December 8, 2025 order is not final, and no statute provides for interlocutory appeal from that order.[1] Because the order that A.T. challenges is not an appealable interlocutory order, we grant the Department's motion and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *Jones*, 2025 WL 1715730, at \*1.

A.T. has requested alternatively that we consider the filings in this proceeding as a petition for writ of mandamus. *See In re Derzapf*, 219 S.W.3d 327, 334-35 (Tex. 2007) (orig. proceeding) (per curiam) (courts can grant mandamus relief from temporary orders related to grandparent access to children).

We dismiss this appeal for want of jurisdiction. We transfer the record of this appeal—including clerk's record, reporter's record, motions, briefs, and other documents filed in this Court—to a new cause styled *In re A.T.*, cause number 03-26-00071-CV.

---

[1] The order recites that trial on the merits is set for May 1, 2026.

In the new cause, the Department is ordered to file a response to the mandamus petition on or before February 2, 2026. *See* Tex. R. App. P. 52.4 (eff. Jan. 1, 2026). It is ordered January 23, 2026.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Dismissed for Want of Jurisdiction

Filed: January 23, 2026